UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BUCK A. FRALY #461481,

    Plaintiff,

v.                                                Hon. Janet T. Neff

UNKNOWN PARTY #1, et al.,           Case No. 1:22-cv-29

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **DISMISS** Plaintiff's complaint for failure to state a claim.

### I. Background

Plaintiff Buck Fraly is presently incarcerated with the Michigan Department of Corrections at the Macomb Correctional Facility in New Haven, Michigan. He sues John Doe and Jane Doe,

employees of the Grand Traverse County Child Protective Services (CPS), and Attorney Jacob Graff.[1]

Plaintiff's allegations are not easy to follow, but it appears that in 2017, a Child Protective Services (CPS) proceeding was initiated in the Grand Traverse County Probate Court for the removal of Plaintiff's children from his custody. (ECF No. 1 at PageID.3.) Plaintiff alleges that during this proceeding, Attorney Graff testified and made misstatements to the judge regarding Plaintiff's fitness to parent his children. Plaintiff alleges that Attorney Graff intentionally made these false statements during his testimony, which caused the trial judge to remove Plaintiff's children from him for nine months in 2017. (*Id.*)

Plaintiff further alleges that Jane Doe ("the lady from the (CPS)") falsely told the court that Plaintiff beat his wife with a baseball in 2010, and that was why CPS wanted to take Plaintiff's children from him. (*Id.* at PageID.5.) Plaintiff alleges that this testimony contributed to the removal of his children, and that without his family, he was very ill, had bad health conditions, was forced to live with strangers, and had to take anger management and parenting classes. (*Id.* at PageID.3–4.) It is not entirely clear what, if anything, John Doe CPS employee did, but it appears that he also allegedly provided false testimony during the CPS proceeding.

Plaintiff states that he is suing for defamation of character and for being falsely accused of physically assaulting his wife and children. (*Id.* at PageID.14.) For relief, Plaintiff seeks compensatory, punitive, nominal, and special damages. (*Id.* at PageID.9.)

## II.  Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to

---

[1] The docket report incorrectly names Jacob Graff as Jacob Groff.

raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

### III. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under

3

Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Attorney Graff

It appears that Attorney Graff was not employed by CPS, but rather, was either Plaintiff's retained or appointed counsel in the child removal proceeding, as Plaintiff refers to Attorney Graff as "my Attorney Jacob Graff." (*Id.* at PageID.15.) In any event, Attorney Graff does not qualify as a state actor for purposes of Section 1983. "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Even if Attorney Graff was appointed to represent Plaintiff and was paid by the State—similar to a public defender in a criminal case—such representation does not transform the attorney into a state actor. *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (quoting *Polk Cnty.*, 454 U.S. at 325) (stating that "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'"). For this reason, Plaintiff's claim against Attorney Graff should be dismissed.

### B. Witness Immunity

Next, Plaintiff's claims against all Defendants are barred by absolute witness immunity. Absolute witness immunity bars a claim that is based on a defendant testifying in a prior judicial proceeding. *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) ("It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings."); *accord Hinchman v. Moore*, 312 F.3d 198, 205 (6th Cir. 2002). In addition, social workers are absolutely immune from liability when they act as "legal advocates" in initiating and pursuing child welfare proceedings. *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (citing

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273–74 (1993)). "The scope of this immunity is akin to the scope of absolute prosecutorial immunity, which applies to conduct 'intimately associated with the judicial phase of the criminal process.'" *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 724 (6th Cir. 2011) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). A social worker's absolute immunity also extends to "interactions with a court, such as 'testimony or recommendations given in court concerning the child's best interests as she saw the matter.'" *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 724 F.3d 687, 694 (6th Cir. 2013) (quoting *Pittman*, 640 F.3d at 725).

Here, Plaintiff's claims are based entirely on Defendants' testimony during the 2017 child removal proceeding, which he contends led to the removal of his children. Thus, his damages claim is barred by absolute witness immunity.

    **C.**    **Statute of Limitations**

Finally, Plaintiff's claims are barred by the statute of limitations. Although the statute of limitations is an affirmative defense, if the allegations in a complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones* and holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim).

State statutes of limitations and tolling principles apply to determine the timeliness of claims raised in lawsuits brought pursuant to Section 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). Section 1983 civil rights actions are governed by the state statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For such actions in Michigan,

5

the statute of limitations is three years. Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). Accrual of the claims for relief is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis for the action. *Collyer*, 98 F.3d at 220.

As set forth in his complaint, Plaintiff's claims are based upon events that occurred in 2017 in connection with the child removal proceeding. Plaintiff knew or had reason to know of those events and the injuries giving rise to his complaint at the time they occurred. However, Plaintiff did not sign and date his complaint until November 30, 2021, many months—perhaps even more than a year—after the three-year limitations period expired. Moreover, Michigan law no longer tolls the running of the statute of limitations while a plaintiff is incarcerated. Mich. Comp. Laws § 600.5851(9). And it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. General Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *see also Mason v. Department of Justice*, No. 01-5701, 2002 WL 1334756, *2 (6th Cir. June 17, 2002). Therefore, Plaintiff's action is time-barred.

### IV. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.

2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Finally, if the Court adopts the foregoing recommendation to dismiss, the dismissal will be a dismissal as described by 28 U.S.C. § 1915(g).


Date:  January 20, 2022                              /s/ Sally J. Berens  
                                                         SALLY J. BERENS  
                                                         U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).